991 F.2d 811
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
STRATHAYR INSTANT LAWN PTY., LIMITED, Plaintiff-Appellant,
v.
Kevin J. GUNN, d/b/a Stormy Acres, Defendant-Appellee.
 No. 92-1548.
 United States Court of Appeals, Federal Circuit.
 March 18, 1993.
 
 Before NIES, Chief Judge, and ARCHER and LOURIE, Circuit Judges.
 DECISION
 PER CURIAM.
 
 
 1
 StrathAyr Instant Lawn Pty. Limited (StrathAyr) appeals from the decision of the United States District Court for the District of Vermont (No. 92-127, Sept. 23, 1992) denying its motion for preliminary injunction enjoining Kevin J. Gunn, d/b/a Stormy Acres, (Gunn) from infringing its U.S. Patent No. 4,063,384 relating to a method of washing sod. Gunn seeks the award of attorneys fees and costs pursuant to Rule 38 of the Federal Rules of Appellate Procedure. We affirm the denial of the preliminary injunction and impose sanctions against StrathAyr for a frivolous appeal.
 
 DISCUSSION
 
 2
 A recent decision of this court deals squarely with the issues before us, yet was not cited by StrathAyr in its opening brief.[1] New England Braiding Co., Inc. v. A.W. Chesterton Co., 970 F.2d 878, 23 USPQ2d 1622 (Fed.Cir.1992) sets out the heavy burden on the movant in an appeal from a denial of preliminary injunction:
 
 
 3
 When a preliminary injunction is granted, to obtain reversal on appeal, an alleged infringer will prevail upon convincing this court that one of the factual premises is clearly erroneous. In contrast, when a preliminary injunction is denied, the movant carries a heavier burden to obtain a reversal. The movant must show not only that one or more of the factors relied on by the district court was clearly erroneous, but also that a denial of the preliminary relief sought would amount to an abuse of the court's discretion upon reversal of an erroneous finding.
 
 
 4
 Id. at 882, 23 USPQ2d at 1625 (citations omitted). New England Braiding further analyzes the procedural mechanism of the presumption of validity of a patent:
 
 
 5
 The presumption [of validity] acts as a procedural device which places the burden of going forward with evidence and the ultimate burden of persuasion of invalidity at the trial on the alleged infringer. Thus, unless the alleged infringer undertakes to challenge the validity with evidence, the patentee need do nothing to establish its rights under the patent.
 
 
 6
 However, the presumption does not relieve a patentee who moves for a preliminary injunction from carrying the normal burden of demonstrating that it will likely succeed on all the disputed liability issues at trial, even when the issue concerns the patent's validity. At this preliminary stage, the trial court does not resolve the validity question but rather must, as the court did here, make an assessment of the persuasiveness of the challenger's evidence, recognizing that it is doing so without all evidence that may come out at trial. The district court cannot be held to have erred in deciding that the patentee failed to make a sufficient showing of likelihood of success required to support a preliminary injunction where the evidence presented in support of invalidity raises a substantial question, although the defense may not be entirely fleshed out.
 
 
 7
 Id. at 882-83, 23 USPQ2d at 1625 (citations and footnotes omitted).
 
 
 8
 StrathAyr argues that the district court denied it the statutory presumption of patent validity pursuant to 35 U.S.C. § 282 (1988). On the contrary, it was because of this presumption that Gunn bore the burden to come forward with evidence sufficient to raise a substantial question regarding the patent's validity. Gunn did this by proffering affidavits of two individuals who stated that they reviewed the patent claims and that the method of the claims was "identical" to the one they used in their business "as early as 1973" (more than one year prior to filing of the patent application). Because this evidence stands uncontroverted, StrathAyr having relied entirely on the presumption, the district court properly denied the motion for preliminary injunction. The cases cited by StrathAyr requiring corroboration of oral testimony do not suggest a different result because none of them relate to the preliminary injunction stage of litigation.
 
 
 9
 In the face of clear precedent against it, on an undeveloped trial record, with a substantial question of patent validity presented, and with no allegation of an abuse of discretion, StrathAyr's appeal to this court seeking redress because of the trial court's denial of extraordinary relief is frivolous. As sanctions for its frivolous appeal, we order StrathAyr to pay damages to Gunn in the amount of Gunn's attorney's fees and costs of defending this appeal. Gunn is directed to submit to the Clerk of the Court an accounting of its attorney's fees and costs within 20 days and StrathAyr is directed to pay that amount to Gunn 10 days thereafter.
 
 
 
 [1]
 In its reply brief, StrathAyr contends that Gunn's reliance on New England Braiding is "completely misplaced," arguing that Gunn had several months to prepare his defense whereas the defendant in New England Braiding had only "a few weeks." This proffered distinction is without merit